UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINH VAN NGUYEN<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY<br><br>Respondent. | No. 1:26-cv-04987-DJC-JDP<br><br>ORDER |

Petitioner Minh Van Nguyen is a noncitizen detainee proceeding under a pro se Petition for Writ of Habeas Corpus. (Pet. (ECF No. 1).) The Court directed Respondents to show cause as to why the Court should not grant by filing a return as provided in 8 U.S.C. § 2243, and Respondents submitted an Answer. (Order (ECF. No. 4); Opp'n (ECF No.5).).

Petitioner, a noncitizen originally from Vietnam, is presently in the custody of Immigration and Customs Enforcement ("ICE"). (Pet. at 2.) Petitioner was admitted to the United States in 1981 as a refugee, but lost his Lawful Permanent Resident status following extremely troubling criminal activity that occurred between 1993-1994. (Opp'n Ex. 1 (ECF No. 7-1) at 15; Opp'n, Ex. 3 (ECF No. 7-3) at 2.) Petitioner received a final removal order in 1996. (Pet. at 2; Opp'n, Ex. 1 (ECF. No. 7-1) at 2.) In 2012,

Petitioner was detained by ICE and subsequently released on an Order of Supervision. (Pet. at 2; Opp'n, Ex. 2 (ECF. No. 7-2) at 1.) On October 15, 2025, ICE revoked his order of supervision and re-detained him (*Id.*) On October 17, ICE provided Petitioner with a letter informing him that his Order of Supervision was revoked because "ICE has determined that you can be removed from the United States pursuant to the outstanding order of removal against you…ICE has determined that the purposes of your release have been served and it is appropriate to enforce the removal order." (Opp'n, Ex. 2, at 1.) "[O]n December 28, 2025, and again on January 16, 2026, ICE agents submitted a travel document request to Vietnam and continue to follow up monthly on approval and issuance of a travel document for Vietnam." (Opp'n at 3; Opp'n, Ex. 1 at 15).

Respondents argue Petitioner that cannot meet his burden to show "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" under *Zadvydas* based solely on the fact that he has been in immigration custody since October 15, 2025. (Opp'n at 1, quoting *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).) However, the *Zadvydas* burden-shifting framework is not applicable to noncitizens who have been released while subject to a removal order based on the non-foreseeability of their removal. *Zadvydas,* 533 at 701; *see also Pham v. Marin*, No. 5:26-cv-00785-MRA-SP, 2026 WL 712946, at *4 (C.D. Cal. Mar. 11, 2026) (noting that district courts have held that "*Zadvydas's* burden-shifting framework does not apply to noncitizens who are *re-detained* pursuant to the revocation of an [Order of Supervision]" and collecting cases.)

Petitioner was previously released from custody after he was already subject to a removal order; therefore, as he points out in his petition, section 241.13(i)(2) governs and ICE bears the burden to show that a significant likelihood that he may be removed. (Pet. at 17.) Petitioner is correct on both counts. *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025); *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO, 2025 WL 3114341, at *5 (E.D. Cal. Nov. 6, 2025).

Section 241.13(i)(2) provides that revocation of release is permissible "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." The Court may not, in the first instance, make an individualized finding that a change in circumstances has occurred. *See Hoac*, 2025 WL 1993771, at *3. Where ICE has made a determination that a change of circumstances has occurred, the Court reviews that claim in light of the factors described in 8 C.F.R. § 241.13(f). *See Hoac*, 2025 WL 1993771, at *3. These factors include, but are not limited to:

> [T]he history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

In addressing Petitioner's argument that his continued detention violates 8 C.F.R. § 241.13, Respondents note only that "Petitioner was given proper notice and an opportunity to be heard on the revocation of his release on an order of supervision," citing Petitioner's Notice of Revocation of Release and 8 C.F.R. § 241.4 (Opp'n at 3.) Respondents did not address the Government's burden to show a change of circumstance making removal reasonably foreseeable pursuant to 241.13(i)(2).[1]

---

[1] Respondents have stated that "the government submits that on December 28, 2025, and again on January 16, 2026, ICE agents submitted a travel document request to Vietnam and continue to follow up monthly on approval and issuance of a travel document for Vietnam." (Opp'n at 1.) But these requests for documents occurred *after* the Government revoked Petitioner's release on October 2025. (Opp'n at 3). "Travel document requested and/or received after the revocation of release are not changed circumstances that can justify revocation under § 241.13(i)(2) because they did not exist or occur at or before the time of revocation." *Pham v. Warden*, No. 1:25-cv-01873-DC-AC (HC), 2026 WL 849861, at *12 (E.D. Cal. Mar. 27, 2026) (rejecting the Government's reliance on post-revocation attempts to procure travel documents to show changed circumstances and collecting cases doing the same).

As Respondents did not address the governing provision, Respondents are HEREBY ORDERED TO SHOW CAUSE on or before August 11, 2026, why the Court should not order Petitioner released based on Respondents' inability to establish that there is a significant likelihood that Petitioner will be removed to a third country in the reasonably foreseeable future pursuant to 8 C.F.R. § 241.13.

IT IS SO ORDERED.

Dated: **August 5, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC-10-VanNguyen26cv04987.order