UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINH VAN NGUYEN<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY<br>Respondent. | No. 1:26-cv-04987-DJC-JDP<br><br><u>RELEASE ORDER</u><br><br>A# 025-150-095 |

Petitioner Minh Van Nguyen is a noncitizen detainee proceeding under a pro se Petition for Writ of Habeas Corpus. (Pet. (ECF No. 1).) Since the Government has not shown that Petitioner's re-detention is lawful under 8 C.F.R. § 241.13, this Court grants the Petition and orders release.

## BACKGROUND

Petitioner, a noncitizen originally from Vietnam, is presently in the custody of Immigration and Customs Enforcement ("ICE"). (Pet. at 2.) Petitioner was admitted to the United States in 1981 as a refugee, but he lost his Lawful Permanent Resident status following extremely troubling criminal activity that occurred between 1993-1994. (Opp'n, Ex. 1 (ECF No. 7-1) at 15; Opp'n, Ex. 3 (ECF No. 7-3) at 2.) Petitioner received a final removal order in 1996. (Pet. at 2; Opp'n, Ex. 1 at 2.) In 2012,

Petitioner was detained by ICE and subsequently released on an Order of Supervision. (Pet. at 2; Opp'n, Ex. 2 (ECF. No. 7-2) at 1.) On October 15, 2025, ICE revoked his order of supervision and re-detained him. (*Id.*) On October 17, 2025, ICE provided Petitioner with a letter informing him that his Order of Supervision was revoked because "ICE has determined that you can be removed from the United States pursuant to the outstanding order of removal against you . . . ICE has determined that the purposes of your release have been served and it is appropriate to enforce the removal order." (Opp'n, Ex. 2, at 1.) "[O]n December 28, 2025, and again on January 16, 2026, ICE agents submitted a travel document request to Vietnam and continue to follow up monthly on approval and issuance of a travel document for Vietnam." (Opp'n at 3; Opp'n, Ex. 1 at 15).

Petitioner has been detained for over nine and a half months without successful removal. After the Government responded to Petitioner's pro se petition for Writ of Habeas Corpus, the Court ordered Respondents to show cause as to why the Court should not order Petitioner released based on Respondents' inability to establish that there is a significant likelihood that Petitioner will be removed to a third country in the reasonably foreseeable future pursuant to 8 C.F.R. § 241.13. (*See* Opp'n; *see also* Order (ECF No. 9) at 4.) As the Government has now responded to this Order, the briefing on this matter is complete. (Resp. (ECF No. 10).)

## DISCUSSION

Petitioner has established that his re-detention violates 8 C.F.R. § 241.13(i)(2) and is unconstitutional as it amounts to indefinite detention. It is undisputed that Petitioner is subject to a final removal order. As such, ICE has the authority to detain Petitioner to affect his removal as a non-citizen. *See Phan v. Becerra*, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July 16, 2025); *see also* 8 U.S.C. § 1231.

Petitioner was previously released from custody after he was already subject to a removal order (Pet. at 17). Therefore, section 241.13(i)(2) governs. *See Hoac v.*

*Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025.) (explaining that revocation of release is governed by section 241.13(i)(2)).

Section 241.13(i)(2) provides that such revocation is permissible "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." *See also Vu v. Noem*, No. 1:25-cv-01366-KES-SKO, 2025 WL 3114341, at *5 (E.D. Cal. Nov. 6, 2025) (explaining that "when ICE revokes release to effectuate removal, it is ICE's burden to show a significant likelihood that the alien may be removed") (cleaned up) ((internal quotation and citation omitted). The Court may not, in the first instance, make an individualized finding that a change in circumstances has occurred. *See Hoac*, 2025 WL 1993771, at *3. Where ICE has made a determination that a change of circumstances has occurred, the Court reviews that claim in light of the factors described in 8 C.F.R. § 241.13(f). *See Hoac*, 2025 WL 1993771, at *3. These factors include, but are not limited to:

> [T]he history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

In addressing Petitioner's argument that his continued detention violates 8 C.F.R. § 241.13, Respondents note only that "Petitioner was given proper notice and an opportunity to be heard on the revocation of his release on an order of supervision," citing Petitioner's Notice of Revocation of Release and 8 C.F.R. § 241.4 (Opp'n at 3.) The Notice of Revocation provided is not sufficient for the purposes of

proper notice and an opportunity to be heard pursuant to section 241.14.[1] Moreover, as this Court noted in its Order to Show Cause, Respondent's answer does not address why re-detention is warranted under 8 C.F.R. § 241.13. (Order at 3.) After the Court ordered Respondents to show cause as to why Petitioner should not be released based on their failure to show changed circumstances, Respondents confirmed that they had no "new information as the circumstances surrounding Petitioner's re-detention on October 15, 2025." (Resp. at 1.) Therefore, the Court will analyze the record as it was presented in the Government's first response (Opp'n.)

Respondents confirm that they are attempting to remove Petitioner only to Vietnam although they have been unable to effectuate this removal for approximately four decades. (Opp'n at 1.) In support of the reasonable foreseeability of this removal, Respondents' only argument is that "on December 28, 2025, and again on January 16, 2026, ICE agents submitted a travel document request to Vietnam and continue to follow up monthly on approval and issuance of a travel document for Vietnam." (*Id.* at 3). Respondents' two requests for travel documents, standing alone, are not sufficient to meet the burden to show changed circumstances justifying revocation under section 241.13(i)(2). *See Nguyen v. Scott*, 796 F. Supp. 3d 703, 722–23 (W.D. Wash. 2025) (holding that there the Government's submission of request for travel documents could not show a significant likelihood Vietnam would accept detainee who fled Vietnam as a child and entered the United States as a refugee before 1995 and noting the testimony of an attorney specializing in Vietnamese

---

[1] The Notice of Revocation of Release states only that "ICE has determined that you can be removed from the United States pursuant to the outstanding order of removal against you" and that "ICE has determined that the purpose of your release have been served and it is appropriate to enforce the removal order." (Opp'n Ex. 3 at 1.) The account of the informal interview provided upon revocation of order of supervision does not contain any further information. (*Id*. at 3.) "Respondents cannot reasonably claim petitioner had an opportunity to respond if he did not know what circumstances ICE believed had changed and why it was now significantly likely that he would be removed to Vietnam in the reasonably foreseeable future"; therefore, Respondents "violated § 241.13(i)(3) by failing to provide petitioner an opportunity to respond to the reasons for revocation stated in the notice of revocation." *Pham*, 2026 WL 849861, at *13.

repatriation that obtaining travel documents for refugees who arrived before 1995 was generally a slow and uncertain process). Respondents have not "provided any details about why a travel document could not be obtained in the past" or "attempted to show why obtaining a travel document is more likely this time around." *Hoac*, 2025 WL 1993771, at *4. Respondents have similarly not provided any evidence about the success rates of requests for travel documents for similarly situated detainees. *Dao v. Bondi*, No. 2:25-cv-02340-LK, 2026 WL 18626, at *3 (W.D. Wash. Jan. 2, 2026) (finding no changed circumstances because, inter alia, the Government had not provided information about how many Vietnamese travel documents are requested versus received).

Respondents' argument is further undermined by the fact that they attempted to obtain travel documents during December of 2025 and January 2026, months <u>after</u> revoking Petitioner's release on October 2025. (Opp'n at 3). "Travel document requested and/or received after the revocation of release are not changed circumstances that can justify revocation under § 241.13(i)(2) because they did not exist or occur at or before the time of revocation." *Pham v. Warden*, No. 1:25-cv-01873-DC-AC (HC), 2026 WL 849861, at *12 (E.D. Cal. Mar. 27, 2026) (rejecting the Government's reliance on post-revocation attempts to procure travel documents to show changed circumstances and collecting cases doing the same).

While the Court has substantial concerns about Petitioner's criminal history, Respondents offer no further argumentation or evidence to show that a change of circumstance has occurred making removal foreseeable. Since the Government did not meet its burden to show a significant likelihood that Petitioner may be removed, Petitioner has established that his present detention violates 8 C.F.R. § 241.13(i)(2), that his detention is unlawful, and that release is warranted.[2]

---

[2] In so finding, the Court does not determine that it is necessarily impossible that Respondents will be unable to show a change of circumstances in the future. But it is Respondents' burden to establish a change in circumstances.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Ground Four of the Petition.[3]
2. Respondents are ordered to immediately release Minh Van Nguyen from their custody. Respondents shall not impose additional restrictions on him than were already present prior to Petitioner's current detention, unless they are determined to be necessary at a future pre-deprivation/custody hearing.
3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner without a change in circumstances to warrant Petitioner's re-detention. Respondents may, however, re-detain Petitioner to execute the final order of removal if Respondents re-detain Petitioner *after* receiving valid travel document for Petitioner.
4. The Clerk is directed to serve California City Detention Facility with a copy of this Order.
5. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **August 12, 2026**

Daniel J. Calabretta
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC-10-VanNguyen26cv04987.merits

[3] In the interests of judicial economy, the Court declines to address the remaining grounds for relief Petitioner has raised.